IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:23-cv-02350-CNS-STV

TRACY NIXON,

    Plaintiff,

v.

WOODMAN OF THE WORLD,
ASSURED LIFE ASSOCIATION,
RICKEY B. FERGUSON, and
DRUSILLA C. FERGUSON,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff's Motion to Alter or Amend or For Relief from Judgment (ECF No. 13) and Request for New Trial (ECF No. 14). For the reasons set forth in this Order, Plaintiff's motions are DENIED.

### I. SUMMARY OF ORDER FOR *PRO SE* PLAINTIFF

You initiated this lawsuit on September 8, 2023, against four defendants: (1) Woodman of the World, (2) Assured Life Association, (3) Rickey Ferguson, and (4) Drusilla Ferguson (ECF No. 1 at 1–2).[1] You allege that you have "continuously and adversely possessed and lived at the

---

[1] In the "Basis of Jurisdiction" section of your Civil Cover Sheet, you invoked this Court's jurisdiction based on alleged diversity jurisdiction; you did not invoke federal-question jurisdiction (ECF No. 1-1). In your Complaint, however, also in the "Basis of Jurisdiction" section, you indicated that you were filing an interpleader action under Fed. R. Civ. P. 22—which requires complete diversity—*and* 28 U.S.C. § 1335—which requires only minimal diversity (ECF No. 1 at 3).

1

[subject] property since January 1, 2013," and that Rickey Ferguson "claims ownership without a valid deed" (*id.* at 6). You described the property subject to this interpleader action as follows: "Lots 10, 11 and 12 in Black A/1955 of Hamilton Addition Carpenter and Oakland City of Dallas County Texas" (*id.*). You also stated that you have "deposited" the "property at issue into the registry of the court" (*id.*). This Court dismissed your case *without prejudice* for lack of subject-matter jurisdiction (ECF No. 11).

In your most recent motions, you ask Court to alter or amend the final judgment and grant you a new trial. The Court is denying both motions and explains why it is doing so in more detail below. But in summary, although it appears you satisfy the minimal-diversity requirement for a statutory-interpleader action, you have not deposited the property in controversy into the Court's registry. Without such a deposit, this Court lacks statutory-interpleader jurisdiction and must dismiss your case.[2]

## II. BACKGROUND

Plaintiff Tracy Nixon is a resident of Dallas, Texas. On September 8, 2023, Plaintiff, proceeding *pro se*, filed a Complaint for Interpleader and Declaratory Relief (ECF No. 1).[3] Plaintiff claims to adversely possess the subject property (*id.* at 6). The form Complaint required Plaintiff to "[e]xplain why [he is] in great doubt as to which defendant(s) is/are entitled to the

---

[2] As the Court has previously explained (*see* ECF No. 11), Plaintiff also cannot show complete diversity to support jurisdiction under 28 U.S.C. § 1332—a requirement to sustain a rule-interpleader action. *Wells Fargo Bank, N.A. v. Mesh Suture, Inc.*, 31 F.4th 1300, 1306 n.3 (10th Cir. 2022) ("[S]ubject-matter jurisdiction in a rule-interpleader action is premised on the general federal-question and diversity statutes. *See* 28 U.S.C. §§ 1331, 1332. In a diversity case that means that there must be complete diversity between the stakeholder and the claimants . . . .").

[3] Because Plaintiff proceeds *pro se* in this matter, the Court liberally construes his filings and holds them to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018).

2

property subject to the interpleader action," and to further "[e]xplain why [he] cannot determine which claim(s) is/are valid without exposing [him]self to potential double litigation" (*id.*). Plaintiff responded as follows:

> Rickey B. Ferguson special warranty – deed list[.] A grantor Woodm[a]n of the World without authority to its consent. In addition with Assured Life Association[,] a Colorado Corporation Business Charter without a specific merger[.] Rickey Ferguson claims ownership without a valid deed[.] Plaintiff does not believe Defendants['] ownership and is advers[e] to Plaintiff['s] Adverse Possession.

(*id.*) Plaintiff requests that "[e]ach defendant be restrained from instituting any action against the plaintiff for recovery of the property or any part of it" (*id.*).

On September 29, 2023, this Court—in response to Plaintiff asserting diversity jurisdiction on the Civil Cover Sheet (ECF No. 1-1)—issued an Order to Show Cause as to why this case should not be dismissed for lack of diversity jurisdiction (ECF No. 9). Plaintiff responded six days after the allotted filing deadline (ECF No. 10), but the Court still reviewed the response and determined that complete diversity was lacking under 28 U.S.C. § 1332 (ECF No. 11). The Court therefore dismissed this action without prejudice (*id.*). However, as explained in footnote one, Plaintiff also purports to allege a statutory-interpleader action under 28 U.S.C. § 1335, which requires only minimal diversity (ECF No. 1 at 3).

In the instant motions, Plaintiff now seeks to alter or amend the final judgment (ECF No. 13) and requests a new trial (ECF No. 14). For the reasons set forth in this Order, the Court denies both motions.

### III.  ANALYSIS

**A.  Relief From Judgment is Unwarranted Because Statutory-Interpleader Jurisdiction is Lacking**

In his Motion to Alter or Amend or For Relief from Judgment (ECF No. 13), Plaintiff moves pursuant to Fed. R. Civ. P. 59(e) and 60(b) to vacate the final judgment entered on October 23, 2023 (ECF No. 12). Invoking a third Federal Rule of Civil Procedure, Plaintiff appears to argue that the Court should "drop" the parties that destroy diversity jurisdiction pursuant to Fed. R. Civ. P. 21 (ECF No. 13 at 1). The Court will address each rule Plaintiff invokes in reverse order.

Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Indeed a district court may salvage diversity jurisdiction by removing a *dispensable* non-diverse party from a suit. *Jett v. Phillips & Assocs.*, 439 F.2d 987, 990 (10th Cir. 1971). Here, dropping Defendant Rickey Ferguson is not required to establish diversity jurisdiction.[4] That is because statutory-interpleader actions require only "minimal diversity," which is "diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *Wells Fargo Bank, N.A. v. Mesh Suture, Inc.*, 31 F.4th 1300, 1307 (10th Cir. 2022) (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)); *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 41 (D.D.C. 2002) ("[C]omplete diversity is not required [in a statutory-interpleader action], and the courts have adopted a standard of 'minimal diversity,' under which it is sufficient that at least two

---

[4] Despite finding that minimal diversity is sufficient for a statutory-interpleader action, having reviewed Plaintiff's Complaint, Mr. Ferguson plainly is *indispensable* to this dispute. Plaintiff alleges that "Rickey Ferguson claims ownership [of the subject property] without a valid deed and is advers[e] to Plaintiff['s] Adverse Possession" claim (ECF No. 1 at 6). Accordingly, the Court is not persuaded by Plaintiff's Rule 21 argument and, to the extent Plaintiff argues § 1332 provides jurisdiction, the Court declines to drop Rickey Ferguson as a Defendant. *See PayoutOne, LLC v. Coral Mortg. Bankers*, No. CIVA08CV01617-PAB-MJW, 2009 WL 3526578, at *2 (D. Colo. Oct. 22, 2009) (explaining that district courts have broad discretion to add or drop parties under Rule 21).

opposing claimants be of diverse citizenship."). I find that minimal diversity exists here: Plaintiff is a citizen of Texas, Defendant Woodman of the World is a citizen of Nebraska, and Defendant Assured Life Association is a citizen of Colorado (ECF No. 1 at 1–2).

Finding minimal diversity, however, does not end the jurisdictional inquiry. For this Court to exercise jurisdiction pursuant to 28 U.S.C. § 1335, Plaintiff must establish two additional prerequisites: (1) Plaintiff must have custody or possession of money or property valued at $500 or more[5]; and (2) Plaintiff must have "deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court . . . ." *Id.* The Court finds, however, that Plaintiff has not, and likely cannot, establish the third jurisdictional requirement, thus stripping the Court of jurisdiction under § 1335. *See Network Sols., Inc. v. Clue Computing, Inc.*, 946 F. Supp. 858, 860 (D. Colo. 1996) ("The requirement that the plaintiff deposit the *res* in controversy into the Court's registry is to assure the safety of the disputed property and to facilitate the Court's final judgment.").

Turning to Rule 59(e), the Court is equally unpersuaded. That rule permits litigants to file a "motion to alter or amend a judgment" within "28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) motions may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

---

[5] Plaintiff purports to value the property at two separate amounts. Plaintiff first alleges that the property is worth $475,000 (ECF No. 1 at 4), and then later alleges that the "property in controversy is worth $244,770" (*id.* at 6). Plaintiff satisfies the monetary requirement either way. More troubling, however, is that Plaintiff does not expressly state that he has "custody or possession" of the subject property. Indeed, it appears Plaintiff's claim to possession is based on adverse possession, which is apparently contested. The Court liberally construes Plaintiff's Complaint and assumes without deciding that Plaintiff's adverse-possession claim satisfies the custody or possession requirement.

Because of the "important interest in the finality of judgments," altering or amending judgments is disfavored. *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 356 (2006) (citation omitted). Moreover, Rule 59(e) is not an appropriate vehicle for raising new arguments that could have been raised prior to the entry of final judgment. *Nelson*, 921 F.3d at 929 (citations omitted).

Here, Plaintiff timely filed his motion, but Plaintiff fails to show why he is entitled to alter or amend the judgment. Plaintiff does not contend that the Court misapprehended the facts, the law, or Plaintiff's position. Rather, for the first time in Plaintiff's Motion, Plaintiff requests the Court to drop certain Defendants to salvage diversity under § 1332 (ECF No. 13 at 1). As explained above, the Court declines to do so.

Finally, under Rule 60(b), this Court may relieve Plaintiff "from a final judgment, order, or proceeding" based on any of the following, specifically enumerated reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Rule 60(b) is designed to "attack[ ], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the . . . proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Here, Plaintiff does not identify any defect in the integrity of the proceedings nor does he refer the Court to any applicable subsection of Rule 60(b). Although the Court has amended its finding that complete diversity is required, determining that Plaintiff is apparently attempting to

proceed under § 1335, it does not resolve the fatal flaw that Plaintiff has not satisfied the jurisdictional prerequisite of depositing the property in controversy into the Court's registry. Thus, Plaintiff is left with § 1332 as his sole basis for jurisdiction. Because Plaintiff cannot show complete diversity among the parties, jurisdiction likewise fails under § 1332.

In sum, even construing Plaintiff's papers liberally, the Court cannot grant Plaintiff's motion to alter because jurisdiction is lacking. Accordingly, Plaintiff's motion is DENIED.

### B. Plaintiff's Request for New Trial is Premature

Plaintiff also moves the Court for a new trial (ECF No. 14). The grounds for a new trial are set forth in Fed. R. Civ. P. 59(a)(1). Each ground is predicated on the assumption that a trial has concluded. Fed. R. Civ. P. 59(a)(1)(A)–(B) (a court may grant a new trial "(A) after a jury trial" or "(B) after a nonjury trial"). Because a trial has yet to occur in this matter, Plaintiff's motion for a new trial is premature and thus DENIED.

## IV. CONCLUSION

Plaintiff's Motion to Alter or Amend or For Relief from Judgment (ECF No. 13) and Request for New Trial (ECF No. 14) are DENIED.

DATED this 1st day of December 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

7